UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| JAMES L. LESHORE | ) | |
| | ) | |
| v. | ) | CAUSE NO.:  1:05-CR-57-TLS |
| | ) | |
| UNITED STATES OF AMERICA | ) | |

**OPINION AND ORDER**

This matter is before the Court on Defendant James L. LeShore's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [ECF No. 119], filed on September 28, 2009. The Government responded on November 30, 2009 [ECF No. 124].  The Defendant additionally requested via letter [ECF No. 120] that he be provided a transcript from his Change of Plea Hearing held on August 4, 2006, and the Court granted the Defendant's request [ECF No. 126]. On January 26, 2010, the court reporter filed the Change of Plea Hearing transcript as part of the record [ECF No. 129], and the Government filed a supplemental response to the § 2255 Motion based on the transcript [ECF No. 130]. Finally, on August 19, 2010, the Defendant filed a Motion to Amend His Previously Filed Motion Under 28 U.S.C. § 2255 [ECF No. 131], and the Government replied on September 2, 2010 [ECF No. 132]. In connection with his Motion, the Defendant has also requested appointment of counsel [ECF No. 125], which the Court DENIED by Order on December 22, 2009 [ECF No. 126]. The Defendant's motion for appointment of counsel  included a two-page attachment, *see* ECF No. 125, wherein the Defendant outlined the same arguments raised in his initial § 2255 Motion.  For the purposes of this matter, the Court will consider both the initial § 2255 Motion and the two-page attachment to the request for appointment of counsel as bearing on the § 2255 question.

**BACKGROUND**

The Defendant, James L. LeShore, was charged with robbing the First Source Bank at 6304 West Jefferson, Fort Wayne, Indiana, on September 13, 2005, and using a handgun in the process of the robbery, in violation of 18 U.S.C. § 2113(a) and (d) (Count 1). The Government also charged the Defendant with brandishing the handgun during the armed bank robbery, in violation of 18 U.S.C. § 924(c) (Count 2).

Attorney Stanley L. Campbell represented the Defendant through most of the pre-trial phase. Attorney Campbell filed a Motion to Suppress Statements, which resulted in an evidentiary hearing on December 21, 2005. At that hearing, the Defendant testified in support of his motion that he had been under the influence of alcohol and drugs at the time of his custodial interrogation by the police, and thus was unable to understand the *Miranda* warnings given to him. The Court found the Defendant's testimony to be lacking in credibility, relying, in part, on the Defendant's two previous convictions for crimes of dishonesty, and denied the Motion to Suppress. After the evidentiary hearing, Attorney Campbell submitted to the U.S. Marshal's Office, Fort Wayne, a letter requesting that the Defendant be transferred to another facility because his treatment at the Allen County Jail was allegedly exacerbating his anxiety disorder. At this point, the case was delayed to give Attorney Campbell the time necessary to effectively prepare for trial in light of his case load, and docketed for a jury trial on June 6, 2006.

Meanwhile, in April 2006, the Defendant filed a motion for the Court to appoint new counsel, making certain allegations against Attorney Campbell. Additionally, in May 2006, the Defendant filed a request to the Court that he be moved to another jail due to distress and unfair treatment he was allegedly experiencing in the Allen County Jail. Attorney Campbell's previous letter to the U.S. Marshal's Office, Fort Wayne, was appended to the Defendant's request.

The Court granted the Defendant's motion for new counsel, relieving Attorney Campbell and directing the appointment of a new Federal Community Defender. On May 3, 2006, Attorney Thomas N. O'Malley entered an appearance on behalf of the Defendant. Because of Attorney O'Malley's unfamiliarity with the case, the Defendant moved twice for delay of the jury trial, which motions were granted. Then on August 3, 2006, the parties entered a Plea Agreement.

At the Change of Plea Hearing on August 4, 2006, the Defendant indicated that conditions at the Allen County Jail were causing him distress, such that he could not make an unconstrained decision about whether to plead guilty. The Defendant voiced his satisfaction with Attorney O'Malley's representation, and showed no signs whatsoever of mental incompetence. Nevertheless, the Court granted a continuance of the Change of Plea Hearing until August 15, and ordered the Defendant transferred from the Allen County Jail so that he could make his decision about pleading guilty in a new setting. At the August 15 hearing, the Defendant declined to change his plea and withdrew from the Plea Agreement. A jury trial was scheduled for late October.

Subsequently, the Defendant requested a bench trial, which was scheduled; then on the eve of trial, the Defendant requested a jury trial as before. Attorney O'Malley filed motions on behalf of Defendant, and the case proceeded to a jury trial from December 5–7, 2006. At trial, the jury found the Defendant guilty on both counts. On March 12, 2007, the Court sentenced the Defendant to 84 months imprisonment on Count 1, and 84 months imprisonment on Count 2 to run consecutively with Count 1. On appeal, the Seventh Circuit affirmed the Defendant's sentence. *United States v. LeShore*, 543 F.3d 935 (7th Cir. 2008).

The Defendant now seeks to vacate, set aside, or correct his sentence on the basis of ineffective assistance of counsel. Additionally, the Defendant has filed a second motion under § 2255 based on an alleged unconstitutional multiplication of charges. The Government, in its response, argues that the ineffective assistance of counsel claim provides no basis for collateral relief, and that the additional § 2255 motion is jurisdictionally barred. The Court agrees.

## ANALYSIS

Section 2255 allows a person convicted of a federal crime to vacate, set aside, or correct his sentence. This relief is available only in limited circumstances, such as where an error is jurisdictional, of Constitutional magnitude, or there has been a "complete miscarriage of justice." *See Harris v. United States*, 366 F.3d 593, 594 (7th Cir. 2004).

The Defendant asserts that he is entitled to habeas relief for two reasons: First, he maintains that his counsel was ineffective when he did not petition the Court for a psychiatric evaluation when the Defendant asked for one. Second, he claims his sentence was unconstitutional because he was found guilty of two separate crimes involving the same handgun.

**A.     Ineffective Assistance of Counsel Claim**

In seeking to prove that his counsel rendered ineffective assistance, the Defendant "bears a heavy burden." *Jones v. Page*, 76 F.3d 831, 840 (7th Cir. 1996) (citation omitted). To establish ineffective assistance of counsel, a petitioner must show that: (1) his attorney's performance "fell below an objective standard of reasonableness," *Strickland v. Washington*, 466 U.S. 668, 688

(1984); and (2) there is a reasonable probability that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A failure to establish either prong results in a denial of the ineffective assistance of counsel claim." *Rastafari v. Anderson*, 278 F.3d 673, 688 (7th Cir. 2002) (citation omitted).

The performance prong requires the defendant to specifically identify acts or omissions that form the basis of his claim of ineffective assistance. *Strickland*, 466 U.S. at 690. Based on the totality of the circumstances, the court must then determine whether the identified acts and omissions fall outside the range of professionally competent assistance. *Id.* The prejudice prong requires the defendant to show that his trial counsel's errors are so serious as to render his trial fundamentally unfair or unreliable. *Lockhart v. Fretwell*, 506 U.S. 364, 368–69 (1993).

"Failure to raise a losing argument, whether at trial or on appeal, does not constitute ineffective assistance of counsel." *Stone v. Farley*, 86 F.3d 712, 717 (7th Cir. 1996).

**1.**     *Mental Evaluation*

The Defendant argues that his counsel was ineffective for failing to request an evaluation of his mental health.[1] The Defendant presents no documentation of a mental condition. Neither does the Defendant make reference to an anxiety disorder. Instead, the Defendant asserts merely that he was under duress during the trial preparation period, and that he asked his attorney to move for a mental evaluation, which request his attorney denied.

As an initial matter, the Court notes that the Defendant has put no actual evidence before

---

[1] It is not entirely clear whether the Defendant is implicating Attorney Campbell or Attorney O'Malley, though from context it appears the Defendant is referencing Attorney O'Malley.

the Court as to his claim. The Defendant has not provided a sworn affidavit, and absent such a detailed affidavit, the Court sees no need for an evidentiary hearing. *See Galbraith v. United States*, 313 F.3d 1001, 1009–10 (7th Cir. 2002).

The Defendant's ineffective assistance of counsel claim fails under both the first and the second prongs of the *Strickland* analysis.

*a.     Whether the Assistance was Objectively Unreasonable*

First, the Defendant has failed to show that counsel's decision not to ask the Court for a mental evaluation was objectively unreasonable. *Strickland*, 466 U.S. at 688. On the contrary, the record and the Defendant's myriad filings in this case show that the Defendant is well able to understand and participate in his defense.  At the Change of Plea Hearing on August 4, 2006, the Defendant responded to the Court's questions and showed through words, actions, and demeanor that he understood the procedural posture of the case. As the Government notes in its brief, the Defendant even hinted at a willingness to manipulate the judicial system when in his initial § 2255 Motion he claimed to have signed a plea just to get before the Court. Under these facts, it was not unreasonable for the Defendant's counsel to decide that asking for a mental evaluation would have been inappropriate. *See U.S. ex rel. Rivera v. Franzen*, 794 F.2d 314, 317 (7th Cir. 1986) (defense attorney not required to explore mental capacity of client "in the absence of circumstances that would put a counsel on notice"). This is particularly so when the Defendant's only argument is that the mental problem he was experiencing was duress from the jail where he was being held, and the Court granted his request to move him out of that situation. No reasonable attorney would believe that a mental evaluation was necessary when the only factor

allegedly causing the Defendant duress had just been removed.

b.  *Whether the Alleged Error was Reasonably Likely to Affect the Outcome*

Second, the Defendant has failed to show how his attorney's alleged error in not requesting a mental evaluation was reasonably likely to affect the result of the proceeding. *See Strickland*, 466 U.S. at 694. The Defendant does not indicate how a mental evaluation would have helped his defense. He does not suggest, much less provide a sworn affidavit, that his disorder rendered him unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. *See* 18 U.S.C. § 4241. He does not point to anything in the trial record or the sentencing proceedings that would have created doubt concerning his mental capacity; indeed, as articulated above, the record suggests that the Defendant was fully aware of the trial proceedings. Because he does not provide any specific information about the existence of a mental disorder or how it could have affected the outcome of the trial, he does not establish a reasonable probability that an evaluation would have resulted in an acquittal, a lower sentence, or any other outcome more favorable to the Defendant.

Because the Defendant's arguments fail both prongs of the *Strickland* analysis, he cannot establish that his counsel was ineffective for failing to request a competency evaluation.[2]

---

[2] In the two-page attachment to his Motion for Appointment of Counsel, Defendant also argues that his counsel was ineffective in that: "Trial Counsel tried to persuade defendant to sign a plea claiming the Government would be willing to move me due to the issues I was having in the detention center I was confined in." ECF No. 125-2. This issue was addressed extensively on the record at the August 4, 2006, Change of Plea Hearing [ECF No. 129], and the Court is satisfied that a move to another facility was never a part of any plea agreement with the Government. Additionally, as the Government points out in its brief, the Defendant ultimately *rejected* the plea agreement, obviating any argument that an alleged irregularity with respect to the plea agreement could possibly have affected the outcome under the second *Strickland* prong.

### B. The Defendant's Second § 2255 Motion

Defendant's Motion, filed on August 19, 2010, raises a different legal issue. Styled as a Motion to Amend His Previously Filed Motion Under 28 U.S.C. § 2255, in truth it is an additional § 2255 motion, which this Court lacks jurisdiction to hear.

United States Code Section 2255(g) states:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain -
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(g).

When a Defendant wishes to file a second § 2255 motion the procedure is clear — a Defendant whose case was heard within the Seventh Circuit must apply to the Seventh Circuit for leave to file such a motion. Additionally, the Seventh Circuit has stated that "any post-judgment motion in a criminal proceeding that fits the description of a motion to vacate, set aside, or correct a sentence set forth in the first paragraph of section 2255 should be treated as a section 2255 motion." *United States v. Carraway*, 478 F.3d 845, 848 (7th Cir. 2007).

Although the Defendant styled his motion as a Motion to Amend, in truth he is raising a new argument concerning the constitutionality of his conviction and sentence. The new argument he raises is that it would be unconstitutional to convict and sentence him for the firearm-enhanced bank robbery offense under § 2113(a) and (d) while additionally convicting

and sentencing him for brandishing the same firearm under § 924(c). The Court need not reach the merits of this claim[3] to apply the *Carraway* standard. The Defendant does not assert that the Seventh Circuit has granted him leave to file a second motion. Absent such showing, this Court lacks jurisdiction to hear the motion, and his Motion to Amend fails for lack of jurisdiction.

## CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings, the Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Rule 11 of Rules Governing Section 2255 Proceedings. The substantial showing standard is met when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotation marks omitted); *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983). Where, as here, the district court has rejected the constitutional claim on the merits, "the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. The defendant is not required to show that he will ultimately succeed on appeal. *Miller-El v. Cockrell*, 537 U.S. 322, 337, 342 (2003) (stating that the question is the "debatability of the

---

[3] Seventh Circuit precedent is that such conviction and sentencing is constitutional. *See United States v. Harris*, 832 F.2d 88, 90–91 (7th Cir. 1987).

underlying constitutional claim, not the resolution of that debate").

Rule 11(a) permits a district court to direct the parties to submit arguments on whether a certificate of appealability should issue. Additional argument is not necessary here. The constitutional issue presented by the Defendant's Motion is whether his counsel rendered ineffective assistance. Because the record does not indicate why a mental evaluation would have been appropriate, and because the Defendant has not shown how such an evaluation could have affected the outcome, the Defendant cannot make the necessary showing that reasonable jurists would find the district court's assessment of counsel's performance debatable or wrong. *See Stone v. Farley*, 86 F.3d 712, 717 (7th Cir. 1996) ("Failure to raise a losing argument, whether at trial or on appeal, does not constitute ineffective assistance of counsel.") Consequently, the Court will deny a certificate of appealability as to the Defendant's Motion.

## CONCLUSION

For the foregoing reasons, the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [ECF No. 119], and Motion to Amend His Previously Filed Motion Under 28 U.S.C. § 2255 [ECF No. 131] are DENIED, and the Defendant is DENIED a certificate of appealability.

SO ORDERED on August 26, 2011.

          s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT